IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA F. SHEPPARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. _____ ) |
| SAMSON TOURS INC. d/b/a SAMSON TRAILWAYS, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Brenda F. Sheppard, and states her Complaint against Defendant Samson Tours, Inc. d/b/a Samson Trailways as follows:

## INTRODUCTION

**1.**

This is an action for unpaid overtime compensation, liquidated damages, declaratory relief, costs, and attorney's fees pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff seeks relief in accordance with 29 U.S.C. § 216(b) of the FLSA because of Defendant's unlawful deprivation of Plaintiff's rights to overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 *et seq.*, and compensation,

liquidated damages, equitable and other relief under the FLSA, as amended, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

**2.**

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

**3.**

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b), since it is the district where the events giving rise to the claim occurred.

## PARTIES

**4.**

Plaintiff Brenda F. Sheppard ("Sheppard") is a citizen of the United States and a resident of the State of Georgia over the age of twenty-one (21) and entitled to bring actions of this kind and nature.

**5.**

Defendant Samson Tours Inc. d/b/a Samson Trailways ("Samson") is a domestic corporation with its principal office located at 3745 Zip Industrial Blvd., S.E., Atlanta, Georgia 30354. Samson may be served with a copy of this

Complaint and process by serving its registered agent, John Sambdman, 3745 Zip Industrial Blvd., S.E., Atlanta, Georgia 30354.

## **FACTS**

**6.**

Defendant Samson provides charter bus services to customers and clients throughout the greater metropolitan Atlanta area.

**7.**

Samson employs individuals to drive its motor coaches, school buses, and mini-buses to transport passengers.

**8.**

Ms. Sheppard worked as an hourly non-exempt employee (bus driver) for Samson from on or about July 24, 2013, until her termination on December 14, 2015.

**9.**

Throughout her employment, Ms. Sheppard worked as a school bus driver picking up and transporting school children to and from their local bus stops to their designated schools. Ms. Sheppard also transported school children and staff on local field trips, and she occasionally drove school buses transporting Georgia Tech students to various local events.

**10.**

Ms. Sheppard's school bus driving duties and assignments occurred solely within the Metropolitan Atlanta area and she was never assigned, accepted, nor drove any trips across state lines.

**11.**

Ms. Sheppard regularly worked in excess of forty hours per workweek. Ms. Sheppard, however, was not paid overtime compensation as required by the FLSA because Samson maintained a consistent pattern and practice of only paying a regular hourly rate for all hours worked by Ms. Sheppard during the workweek, regardless of whether she actually worked more than 40 hours during any particular workweek.

**12.**

Defendant's pay records (e.g., pay stubs) reveal that, although Ms. Sheppard routinely worked in excess of 40 hours per week, Samson nevertheless failed to pay Ms. Sheppard her required overtime in the following cumulative amounts for each calendar year she was employed as a school bus driver: (i) a total of approximately 190 overtime hours worked in 2013; (ii) a total of approximately 277.75 overtime hours worked in 2014; and (iii) a total of approximately 291.25 overtime hours worked in 2015.

## COUNT I

## VIOLATION OF FLSA OVERTIME PROVISIONS

**13.**

Plaintiff Sheppard re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 12 as if fully restated hereinafter.

**14.**

Plaintiff Sheppard, at all times relevant hereto, was an "employee" as that term is defined by 29 U.S.C. § 203(e).

**15.**

Defendant Samson, at all times relevant hereto, was an "employer" as that term is defined by 29 U.S.C. § 203(d).

**16.**

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant Samson is, and was at all times relevant to this action, subject to the overtime-pay requirements of the FLSA, because it is and was an enterprise engaged in commerce and its employees are and were engaged in commerce.

**17.**

Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work in excess of forty hours in a workweek one-and-one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty hours.  Defendant is, and was at all times relevant to this action, subject to this requirement to pay Plaintiff Sheppard, an hourly non-exempt bus driver, one-and-one-half times her regular rate of pay for all hours worked in a workweek in excess of forty hours.  Defendant violated the FLSA by paying Plaintiff a fixed regular hourly rate without regard to the number of hours worked in excess of forty hours in a workweek, for all or part of the three years preceding the filing of this Complaint.

**18.**

The FLSA exempts certain categories of employees from the overtime pay obligations set forth in Section 7(a)(1) of the statute.  None of the FLSA exemptions apply to Plaintiff Sheppard.  Accordingly, Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

**19.**

Plaintiff Sheppard is entitled to damages equal to the amount of her unpaid overtime pay within the applicable statute of limitations.  Defendant Samson's

failure to pay overtime was willful and in knowing disregard for its overtime obligations under the FLSA, such that a three-year statute of limitations is appropriate in this case.  Additionally, Plaintiff Sheppard is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above, pursuant to Section 16(b) of the FLSA.  Plaintiff also is entitled under Section 16(b) of the FLSA to attorney's fees and costs in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sheppard respectfully prays for judgment against Defendant Samson and demands the following relief:

(a) That this Court declare pursuant to 28 U.S.C. § 2201 *et seq*. that Plaintiff Sheppard was an employee subject to all of the requirements of the FLSA, and is not exempt from the overtime requirements of the FLSA, and that Defendant Samson willfully and wrongfully violated its statutory obligations and deprived Plaintiff Sheppard of her rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) That Plaintiff Sheppard be awarded compensatory damages from Defendant Samson in an amount equal to the unpaid overtime compensation owed to her under 29 U.S.C. § 207(a);

(c) That an equal amount in liquidated damages be awarded against Defendant Samson as authorized by 29 U.S.C. § 216(b);

(d) That Plaintiff Sheppard recover her attorney's fees and costs and expenses of litigation from Defendant Samson incurred in bringing this action as required under 29 U.S.C. § 216(b);

(e) That prejudgment interest be awarded to Plaintiff Samson; and

(f) For all such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sheppard herein demands a trial by jury of all issues in this action.

Respectfully submitted this 25th day of May, 2016.

/s/Gary E. Thomas
**Gary E. Thomas**
Georgia Bar No. 704860
*Counsel for Plaintiff*

**GARY E. THOMAS, ATTORNEY AT LAW**
2180 Satellite Blvd. Suite 400
Duluth, Georgia 30097
(770) 239-1785
(770) 299-1249 {facsimile}
gary.thomas@gthomaslawfirm.com