# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Brenda F. Sheppard ("Sheppard") and Samson Tours Inc. ("Samson") (each may be referred to hereinafter individually as a "Party" or collectively as the "Parties").

### WITNESSETH

WHEREAS, Sheppard was employed by Samson as a bus driver until December 14, 2015; and

WHEREAS, Sheppard filed a lawsuit against Samson currently pending in the United States District Court for the Northern District of Georgia, captioned Brenda F. Sheppard v. Samson Tours Inc. d/b/a Samson Trailways, Case No. 1:16-CV-1703-CAP ("Litigation"); and

WHEREAS, Sheppard asserts claims in the Litigation for failure to pay overtime under the Fair Labor Standards Act, and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees and costs; and

WHEREAS, Samson disputes the allegations associated with the Litigation, and denies any and all liability to Sheppard; and

WHEREAS, Sheppard has voluntarily agreed to completely resolve all disputes with Samson regarding the claims he alleged in the Litigation and any other claims he otherwise asserted or could have asserted.

NOW, THEREFORE, in consideration of the payment of moneys and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. **Consideration.** Samson will cause to be paid to Sheppard and her attorney the total sum of Six Thousand Dollars ($6,000.00) (the "Settlement Amount"). The Settlement Amount consists of the following: Four Thousand One Hundred and Fifty Dollars and No Cents ($4,150.00) payable to Brenda Sheppard, and One Thousand Eight Hundred and Fifty Dollars and No Cents ($1,850.00) for attorney's fees and costs payable to Gary E. Thomas, Attorney at Law. The Settlement Amount shall be paid in two installments in the manner set forth below.

   (a) The first Installment Payment shall be due ten (10) calendar days after approval of the Settlement Agreement by the Court and shall consist of two checks made out in the following fashion:

   > (1) One check payable to "Brenda Sheppard" in the amount of Two Thousand and Seventy-Five Dollars and No Cents ($2,075.00), minus applicable FICA and statutory tax deductions/withholdings, as back pay/overtime damages.

1

Sheppard shall receive an IRS Form W-2 indicating the amount withheld under applicable law.

(2) One check payable to "Gary E. Thomas, Attorney at Law" in the amount of One Thousand, Eight Hundred and Fifty Dollars and No Cents ($1,850.00) as attorney's fees and costs, with no withholdings. Prior to payment of said funds, Gary E. Thomas, Attorney at Law shall provide a completed IRS Form W-9. Gary E. Thomas, Attorney at Law shall receive an IRS Form 1099 indicating payment of this amount.

(b) The second Installment Payment shall be due forty (40) calendar days after approval of the Settlement Agreement by the Court and shall consist of one check made out in the following fashion:

(1) One check payable to "Brenda Sheppard" in the amount of Two Thousand and Seventy-Five Dollars and No Cents ($2,075.00), with no withholdings, for liquidated damages. Prior to payment of said funds, Sheppard shall provide a completed IRS Form W-9. Sheppard shall receive an IRS Form 1099 indicating payment of this amount.

(c) Installment Payments shall be sent to the attention of Gary E. Thomas, Attorney at Law, 2180 Satellite Blvd., Suite 400, Duluth, Georgia 30097.

3. **Release of Claims.** Except for any claims Sheppard may have for workers' compensation benefits, unemployment compensation benefits, vested retirement benefits, or nonforfeitable health care, disability, or other similar welfare benefits (which are not released by this Agreement) and in further consideration of the payment Samson has agreed to provide her, Sheppard hereby releases and forever discharges Samson, and its predecessors, successors, assigns, benefit plans and programs, affiliates, agents, attorneys, insurers, officers, directors, and employees (hereinafter collectively referred to as the "Releasees") from any and all claims, liabilities, agreements, damages, losses, or expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, whether known or unknown (hereinafter "Claim" or "Claims"), that Sheppard has, may have had, or may later claim to have had against any of them for personal injuries, losses or damage to personal property, breach of contract (express or implied), breach of any covenant of good faith (express or implied), or any other losses or expenses of any kind (whether arising in tort or contract or by statute) resulting from her employment with Samson, or any other agreement, contract, circumstance or event arising on or prior to Sheppard's execution of this Agreement. This release includes, but is not limited to, any claims for back pay, front pay, liquidated damages, compensatory damages, punitive damages, or any other losses or other damages to Sheppard or her property resulting from any claimed violation of local, state, or federal law, including, for example (but not limited to), claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101

et seq., amended by The Americans With Disabilities Act Amendments Act of 2008; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Patient Protection and Affordable Care Act 42 U.S.C. § 18001 et seq; Sarbanes-Oxley Public Company Accounting Reform and Investor Protection Act of 2002, 15 U.S.C. § 7241 et seq.; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. 2000ff; The False Claims Act of 1986, 31 U.S.C. § 3729 et seq.; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §§ 34-6A-1 to 34-6A-6; the Georgia Sex Discrimination in Employment Act, O.C.G.A. §§ 34-5-1 to 34-5-7; and any other Claims under federal, state, or local statutory or common law, including but not limited to claims of breach of contract, infliction of emotional distress, wrongful or retaliatory discharge, defamation, invasion of privacy, negligence, assault and battery. The foregoing release of Claims expressly includes a waiver of any right to recovery for the Claims released herein in any and all private causes of action and/or charges and/or in any and all complaints filed with, or by, any governmental agency and/or other person or tribunal. This Agreement does not waive rights or claims that may arise after the date Sheppard signs it below.

   Sheppard expressly agrees and understands that this release is a GENERAL RELEASE. Sheppard understands that by executing this Agreement, she is giving up any claims she may have at that time against the Releasees for such things as employment discrimination and wrongful discharge, among others, regardless of whether she had ever asserted such claims before her execution of this Agreement and regardless of whether she knew she had such claims before her execution of this Agreement. Sheppard is not, however, giving up any claims against the Releasees that are expressly excluded from the scope of this "Release of Claims" provision, and she is not giving up any rights or claims based on events that occur after she executes this Agreement. If Sheppard files any claims, complaints, charges, grievances, or lawsuits against any of the Releasees which are released by this Paragraph, she agrees that she will pay all costs and expenses of defending against such claims, complaints, charges, grievances, or lawsuits incurred by the Releasees, including reasonable attorneys' fees.

   Sheppard further agrees that (1) she will not voluntarily become a member of any class of persons suing Samson or any of the other Releasees to assert any claim that arose on or prior to the date she signs this Agreement and, to the extent Sheppard is an involuntary member of any such class, she waives any recovery to which she might otherwise be entitled; (2) she will not and will not authorize any other person, organization, or other entity acting on her behalf, to sue Samson or any of the other Releasees or initiate any type of action, judicial, administrative, or otherwise, against the other Releasees with respect to any event, transaction, or matter that occurred before the date of this Agreement, or with respect to any continuing effects of such events, transactions, or matters; and (3) she waives any right to any portion of any recovery to which she might otherwise be entitled under any state and federal whistleblower protection statutes.

4. <u>Dismissal of Litigation.</u> Sheppard agrees to dismiss, with prejudice, the Litigation and she agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Litigation, any claims that could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, Sheppard will file the Stipulation of Dismissal With Prejudice (substantially in the form attached as Exhibit "A" hereto) with the United States District Court for the Northern District of Georgia.

5. <u>Covenant Not to Sue.</u> Sheppard represents and agrees that she has not filed or raised any other charges, complaints, claims, lawsuits, grievance or actions against any of the Releasees with any federal, state, or local court, agency. Sheppard agrees that, except to the extent such right may not be waived by law, she will not commence any legal action or lawsuit or otherwise assert any legal claim seeking relief for any Claim released or waived by this Agreement. This "covenant not to sue" does not, however, prevent or prohibit Sheppard from seeking a judicial determination of the validity of the Release of Claims under the Age Discrimination in Employment Act. In addition, this "covenant not to sue" does not prevent or prohibit Sheppard from filing any administrative complaint or charge against the Releasees (or any of them) with any federal, state, or local agency, but he understands that by signing this Agreement, she will have no right to recover monetary damages or obtain individual relief of any kind in such proceeding with respect to Claims released or waived by this Agreement.

6. <u>Warranties and Representations.</u> Sheppard specifically represents and warrants that as of the date that she alone is entitled to assert any claims she may have against Samson of any kind and character arising out of, or as a consequence of, her employment with Samson to date, including but not limited to, the matters which were alleged or could have been alleged in the Litigation. Sheppard further represents and warrants that she is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against Samson.

7. <u>No Disparagement.</u> Sheppard agrees that she will not disparage Samson in any manner, including, but not limited to, making any negative comments about Samson.

8. <u>Neutral Reference.</u> Sheppard agrees to direct any third party seeking an employment reference from Samson to Samson's Human Resources Officer. Samson agrees that any third party who contacts Samson's Human Resources Officer will be provided with only Sheppard's dates of employment and position held.

9. <u>Entire Agreement.</u> This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

4

10. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability to each other.

11. **Georgia Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Georgia. The Parties intend this Agreement to be valid and binding in all respects.

12. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

13. **Waiver.** Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

14. **Time to Consider.** Pursuant to the Older Workers Benefits Protection Act, Sheppard understands that she may take up to twenty-one (21) days to consider this Agreement and has been hereby advised in writing to consult with an attorney prior to executing it. Having elected to execute this Agreement, to fulfill the promises set forth herein, and to receive thereby the settlement amount set forth in Paragraph 1 above, Sheppard freely and knowingly, and after due consideration, enters into this Agreement intending to waive, settle, and release all claims she has or might have against Samson and the Releasees.

15. **Time to Revoke.** Sheppard understands that she may revoke this Agreement for a period of seven (7) calendar days following the day she executes it. Any revocation within this period must be submitted in writing to Samson's counsel, James R. Fletcher II of Fletcher Law Firm LLC, at jim@JimFletcher.net. Sheppard understands that this Agreement is not effective until the expiration of such seven (7) day period and that if Sheppard does not revoke the Agreement during that period, this Agreement shall become effective the day following the expiration of the revocation period.

16. **Judicial Approval of Settlement.** The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 1 of this Agreement will be disbursed to Sheppard and/or her counsel until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

IN WITNESS WHEREOF the Parties have signed and executed this Agreement on the dates set forth below as an expression of their intent to be bound by the foregoing terms of this Agreement.

**BRENDA F. SHEPPARD**

*Brenda F. Sheppard*
Brenda F. Sheppard

Date: 01-20-17

**SAMSON TOURS INC.**

By: John Sambdman

Its: [signature]

Date: January 17, 2017

**SO AGREED AND APPROVED BY:**

| | |
|---|---|
| Gary E. Thomas | James R. Fletcher II |
| Georgia Bar No. 704860 | Georgia Bar No. 232541 |
| Gary E. Thomas, Attorney at Law | Fletcher Law Firm LLC |
| 2180 Satellite Blvd., Suite 400 | 191 Roswell St. |
| Duluth, Georgia 30097 | Marietta, Georgia 30060 |
| (770) 239-1785 | (404) 409-5665 |
| gary.thomas@gthomaslawfirm.com | jim@JimFletcher.net |
| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANT** |

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRENDA F. SHEPPARD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE NO.** |
| ) | **1:16-CV-01703-CAP** |
| **SAMSON TOURS INC. d/b/a** ) | |
| **SAMSON TRAILWAYS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Brenda F. Sheppard and Defendant Samson Tours Inc. hereby stipulate to the dismissal of the above-styled action, with prejudice. The parties have agreed that each party shall bear its own costs and fees.

Respectfully submitted this ___ day of _____ 2017.

CONSENTED BY:                           CONSENTED BY:

*/s/Gary E. Thomas*                     */s/James R. Fletcher II*
Gary E. Thomas                          James R. Fletcher II
Georgia Bar No. 704860                  Georgia Bar No. 232541
Gary E. Thomas, Attorney at Law         Fletcher Law Firm LLC
2180 Satellite Blvd., Suite 400         191 Roswell St.
Duluth, Georgia 30097                   Marietta, Georgia 30060
(770) 239-1785                          (404) 409-5665

gary.thomas@gthomaslawfirm.com		jim@JimFletcher.net

**COUNSEL FOR PLAINTIFF**		**COUNSEL FOR DEFENDANT**